NASHVILLE & CHATTANOOGA R. R. CO. v. NOWLIN.

1. RAILROAD. *Contributory negligence.* Where an accident has occurred by a non-compliance on the part of a railroad company with sections 1166–8 of the Code, contributory negligence on the part of the person injured, cannot be pleaded in bar to the action, yet it may be relied on in mitigation of damages. It is the duty of the court to charge the jury, that if they find the party injured was guilty of negligence, they should diminish the damages according as they may find his negligence to be slight or gross.

2. SAME. *Keeping a lookout.* That the statutes evidently mean that some person shall be so situated on the lookout, that he can see ahead. If the engineer cannot see, the fireman must; if the fireman cannot, the engineer must.

FROM BEDFORD.

Appeal in error from the Circuit Court of Bedford county.    W. H. WILLIAMSON, J.

EAST & FOGG for Railroad.

WISENER and COOPER for Nowlin.

J. W. JUDD, Sp. J., delivered the opinion of the court.

This is an action by Nowlin against the railroad company, for damages inflicted upon him in February, 1872, by knocking him off the track of the road. The same was submitted to a jury, and a verdict was rendered in favor of Nowlin for $3,500.

Various errors are relied upon by the plaintiff in error for a reversal, in none of which, except one, do we think there is any merit. The frequent and constant ruling of this court has been, that if railroads

shall comply fully with the requirements of sections 1166 to 1168 inclusive, of the Code, they are not liable in any case covered by the statutes; and on the other hand, if they do *not* thus comply, they are liable. So far as any defense may go in bar of the action, it must be such an one as the statute requires. From this it will be seen that no defense in *bar* of any such action as this can be predicated upon contributive negligence of the party suing, be it never so gross.

On the other hand, this court has held, that although the railroad may be and is liable, because of a failure to comply with the statutes, yet the contributory negligence of the party suing will go in reduction of damages. And this we hold to be a fixed rule of law, one of substantial right, and which the railroad has the right to have applied, if the jury should find contributory negligence upon the part of the party suing.

If his Honor, the Circuit Judge in this case, had said nothing upon this subject to the jury, and had not been requested to say anything, it could be said that there was no error; but having undertaken to instruct the jury upon this subject, it was his duty to declare the law correctly. The only reference to this subject in his charge is in the closing paragraph, and is as follows: "The negligence of the person, in all cases, can be looked to in mitigation of the damages or the amount of recovery." That is to say, the jury can look to it if they choose, or they may not.

If the law be, as we do declare, that contributory negligence upon the part of the plaintiff entitled the defendant as a matter of right to have such consid-

N. & C. Railroad Co. *v.* Nowlin.

ered by the jury in reduction of damages, then it was the duty of the Circuit Judge to say to the jury, (after first explaining what conduct upon the part of the plaintiff constituted contributory negligence), that if they found that the plaintiff was guilty of such negligence at the time of the accident, then it was their duty to look to it in assessing his damages, and augment or diminish the same according as they found his negligence to be slight or gross.

As the case must be reviewed for the error above indicated, we forbear to discuss or express any opinion upon the evidence bearing upon this point. And for the same reason, it is probably best that we notice one other objection taken to the charge, which is in reference to the duty of the railroad company to always keep some one on the lookout. The plaintiff in error insists that inasmuch as the proof shows, that at the time of the collision the engineer was on the lookout, that this is to be taken as a full compliance with the statute, although, owing to the particular surroundings, he could not see ahead from his side, and although some one on the other side of the engine could have seen far enough ahead to have seen Nowlin in time to have prevented the accident. We do not so understand the law. The statutes evidently mean, that some person shall be so situated on the lookout, that he can see ahead. If the engineer cannot see, the fireman must; if the fireman cannot, the engineer must.

Let the judgment be reversed and the cause remanded for a new trial, in conformity to the law, as stated in this opinion.